# EXHIBIT 3

2018 WL 4290128
Only the Westlaw citation is currently available.
**NON-PRECEDENTIAL DECISION -
SEE SUPERIOR COURT I.O.P. 65.37**
Superior Court of Pennsylvania.

IN RE: Andre BOYER

Appeal of: Andre Boyer

No. 935 EDA 2017
|
Filed September 10, 2018

Appeal from the Order Entered January 10, 2017, In the Court of Common Pleas of Philadelphia County, Criminal Division at No(s): CP-51-MD-0005279-2016

BEFORE: BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:

**\*1** Andre Boyer appeals, *pro se*, from the order entered January 10, 2017, dismissing Boyer's application for a private detective's license on the grounds of collateral estoppel. Following a thorough review of the submissions by the parties, relevant law and the certified record, we affirm.

Before we address the substance of this appeal, it is necessary to recount the unique procedural history of this matter.

Andre Boyer, an ex-police officer, sought to become a licensed private detective. To that end, on January 13, 2016, he petitioned the court for a license and that matter was assigned docket number CP-51-MD-0000183-2016. [1] The case was assigned to Judge Michael Erdos, who denied Boyer's petition on September 23, 2016. Boyer did not appeal that decision. However, on October 3, 2016, Boyer, *pro se*, filed a new petition, that was substantially similar, to the prior petition. This matter was assigned docket number CP-51-MD-0005279-2016. [2] The case was assigned to Judge Tracy Brandeis-Roman. The Commonwealth had opposed the 5279 petition on the grounds that Judge Erdos had already denied Boyer's 183 application, finding Boyer did not meet the character and experience requirements. The Commonwealth contended the 5279 application presented no new grounds upon which the trial court could rule. Judge Brandeis-Roman agreed, and on January 10, 2017, dismissed the 5279 petition. [3]

On February 8, 2017, within the 30 day appeal period for the January 10, 2017 order, Boyer, still acting *pro se*, requested his appellate rights be reinstated *nunc pro tunc*. On February 15, 2017, the trial court granted Boyer's motion for *nunc pro tunc* relief. The docket number on that order corresponded to the 5279 case, although the text of the order made no specific reference to a docket number. Thereafter, on March 16, 2017, Boyer filed a notice of appeal. On April 19, 2017, the trial court filed an order amending the February 15, 2017 order, specifically granting Boyer *nunc pro tunc* relief to file an appeal of the 183 matter. Following this order, Boyer has proceeded as if he has appealed the September 23, 2016 order denying his prior application.

Initially, we note that the trial court's April 19, 2017 order granting Boyer *nunc pro tunc* relief on an entirely separate matter was issued without jurisdiction and was void *ab initio*. In issuing the April 19, 2017 order, the trial court in the 5279 matter was improperly extending the appeal period for the 183 matter from 30 days to six months. Simply put, one trial judge has no authority to grant *nunc pro tunc* relief on a separate case that was heard before a different judge. [4]

**\*2** In light of the above, the only order currently before this Court on appeal is the January 10, 2017 order denying Boyer's application for a private detective's license based upon collateral estoppel. The certified record contains only the application from the 183 case. A review of the documents confirms the Commonwealth's assertion that the two applications are substantially similar. The trial judge, in her Pa.R.A.P. 1925(a) opinion, confirms that Judge Erdos denied Boyer's prior application and there were no new grounds upon which to reconsider Boyer's application. There is simply nothing in this certified record to contradict the dismissal of the 5279 petition on the grounds of collateral estoppel. [5]

In light of our review of the certified record, we are compelled to affirm the January 10, 2017 order denying Boyer's application for a private detective's license. We have no authority to grant the trial court's request to grant Boyer *nunc pro tunc* relief from Judge Erdos' September 23, 2016 order denying Boyer's prior application, as only the 5279 case is currently before this Court. Boyer is free to file a new petition.

Order affirmed.

In re Boyer, Not Reported in Atl. Rptr. (2018)

Case 5:23-cv-02885-JLS   Document 21-3   Filed 11/16/23   Page 3 of 3

**All Citations**

Not Reported in Atl. Rptr., 2018 WL 4290128

## Footnotes

| | |
|---|---|
| 1 | This case will be referred to as "183" or "prior application" hereinafter. |
| 2 | This case will be referred to as "5279" or "subsequent application" hereinafter. |
| 3 | In her Pa.R.A.P. 1925(a) opinion, Judge Brandeis-Roman refers to the coordinate jurisdiction rule for the inability to change Judge Erdos' prior ruling. Technically, coordinate jurisdiction applies only to rulings within the same case, including retrials. **See** *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) (judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions). The two petitions here are not the same case. Accordingly, because the Commonwealth opposed Boyer's second petition based on collateral estoppel and the trial court's order reveals no grounds for the dismissal, we accept collateral estoppel as basis for her order. |
| 4 | It appears Judge Brandeis-Roman recognized the inapplicability of the order granting *nunc pro tunc* relief in the 183 action. In her Pa.R.A.P. 1925(a) opinion, she requests this Court grant Boyer *nunc pro tunc* relief on the 183 action. We cannot address an order or grant relief in a case that is not before us. |
| 5 | It was Boyer's responsibility, as appellant, to provide this Court with a record sufficient to conduct a meaningful review. **See** *Commonwealth v. Magee*, 177 A.3d 315, 326 n. 13 (Pa. Super. 2017) (It is the appellant's responsibility to ensure that the certified record contains the facts needed for review.). All parties, including the trial court, agree that the prior application (183) is relevant to the disposition of the instant matter (5279). Yet the instant certified record does not contain any orders from Judge Erdos. Having such orders or transcripts from the 183 record would have made our review more comprehensive; however, we can only review that which has been provided in the certified record. |

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.