# EXHIBIT 4

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDRE BOYER

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga O. Abiona, ABIOLA LAW PLLC,
215-625-0330, P. O. Box 3326, Cherry Hill, NJ 08034

## DEFENDANTS
City of Philadelphia, Lt. Lisa Pittaoulis #392, Sgt. Laura Guk #846, P/O Howard #6173, P/O Nolan #2537

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 862 Black Lung (923) | |
| | / ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
Unlawful arrest and detention, unlawful search & Seizure, excessive use of force, malicious prosecution

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: April 25, 2022
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Philadelphia, PA__

Address of Defendant: __City Hall, Philadelphia, PA__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/25/2022__     *Attorney-at-Law / Pro Se Plaintiff*     __57026__  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Olugbenga O. Abiona__, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __04/25/2022__     *Sign here if applicable*     __57026__
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE BOYER | : |
| | : CIVIL ACTION |
| | : No.: |
| Plaintiff | : |
| vs. | : |
| CITY OF PHILADELPHIA | : |
| Lt. LISA PITTAOULIS, #392 | : |
| P/O HOWARD, #6172, P/O NOLAN, #3527 | : |
| SGT. LAURA GUK, #346 | : |
| JOHN DOES 1 –10 | : |
| Defendants | : |

## COMPLAINT AND JURY TRIAL DEMAND

### I. INTRODUCTION

1. Plaintiff brings this action for monetary damages, and other appropriate relief to redress the intentional violations of his civil rights, pursuant to 42 U.S.C. § 1983 and 1985, secured under the Constitution and laws of the United States, and comparative provisions of the laws of the Commonwealth of Pennsylvania, against several individual defendants in their official and individual capacities and the City of Philadelphia, collectively referred to as Defendants.

2. Plaintiff's action arise under the Civil Rights Acts of 1871, as amended, 42 U.S.C. §§ 1983, 1985, the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, for claims of retaliatory adverse actions for engaging in protected activities under the civil rights statutes, unlawful search and seizure, unlawful arrest and detention, malicious prosecution, conspiracy to deprive Plaintiff of his civil rights, and common law abuse of process.

1

## II. JURISDICTION

3. Federal court jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1343. The Court also has supplemental jurisdiction over Plaintiff's state law claims.

## III. VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391, as the incidents alleged herein occurred within the Eastern District of Pennsylvania.

## IV. PARTIES

5. Plaintiff Andre Boyer is an adult citizen of the United States, who resides in the City of Philadelphia.

6. Plaintiff is black and African-American, by race.

7. Defendant City of Philadelphia, (hereinafter "City") is a municipality constituted under the laws of the Commonwealth of Pennsylvania with its offices located at City Hall, Philadelphia, Pennsylvania.

8. Individual Defendants, Lt. Pittaoulis, Sgt. Laura Guk, P/O Nolan, P/O Howard, and John Does 1-10 are Police Officers who at all relevant place and time in this matter were police officers employed with the City of Philadelphia Police Department. These individual defendants are being sued in their individual capacities.

9. At all times material to this case all the individual police officers listed above were acting under color of state law.

V.  BRIEF STATEMENT OF THE FACTS

10. On or about March 4, 2021, Plaintiff was working as an Act 235 Security Agent at the Days Inn Hotel, located at 4200 Roosevelt Boulevard, in the City of Philadelphia.

11. At about 2:00 a.m. on said date, two young ladies, who appeared intoxicated, entered the hotel and asked for a room. Plaintiff, who was upstairs in the building doing security checks, was radioed by the hotel's front desk to come down and attend to the ladies at the lobby who were acting belligerent when told there was no room for them at the hotel.

12. Plaintiff was in his full Act 235 uniform with his weapon on him, and other security tools and handcuffs, working for and acting within the scope of his employment with his employer, Days Inn Hotel, on said date and time.

13. When Plaintiff got to the lobby, the staff informed Plaintiff that the ladies had no reservation and there was no room available, but the ladies would not leave when told to do so.

14. Plaintiff advised the ladies that the hotel had no rooms and requested that they leave the hotel because they were acting belligerent. The ladies left, but then went to a back emergency entrance into the building, trying to gain access to the hotel, setting off the alarm.

15. Plaintiff then went to the back entrance to the hotel, saw the ladies there and escorted them off the premises.

16. About an hour and a half later, while doing his security rounds, the two ladies came back to the hotel and the hotel staff alerted Plaintiff that the ladies were back causing disturbance.

17. Plaintiff went back to the lobby and told the ladies there was no vacant room in the hotel and that they were now trespassing and needed to leave. At that point one of the females started spitting on the windows and the floor. Plaintiff advised the ladies that their acting was now a safety issue and they must leave the premises. Plaintiff grabbed one of the ladies that refused to

leave and took her outside the hotel. Once outside this lady spat on Plaintiff's face and punched Plaintiff, assaulting him.

18. At this point Plaintiff, who was authorized by law as a licensed security agent to carry a taser, used the taser to gain control of the lady, handcuffed her and brought her inside the hotel lobby.

19. The manager of the hotel, Jalia, then called the police to report the actions of the lady and told them one of the ladies was arrested and in handcuffs.

20. Short time later, a Philadelphia police officer P/O Nolan, #3527 arrived, saw the lady in handcuffs and asked Plaintiff what had happened. After Plaintiff told this officer what the ladies had done and that he was assaulted by one of the females, without any further investigation Officer Nolan told Plaintiff to remove the handcuffs.

21. Officer Nolan, failed to place the ladies under arrest for trespassing and for assaulting Plaintiff, but told them to leave the property; telling them that Plaintiff had the authority to defend himself. Plaintiff repeated to Officer Nolan that he was assaulted by one of the ladies and that he wanted to press charges against her, but Officer Nolan told Plaintiff to remove the handcuffs and instructed the ladies to leave.

22. The ladies left as the officer watched them leave. But as the ladies were leaving the hotel, another police office, P/O Howard came to the scene, saw Plaintiff with the spent taser cartridge in his hands. Officer Howard then said to Plaintiff, "You are not a cop; you don't have authority to use a taser". Plaintiff, who was in full Act 235 uniform, responded that he was on duty and had the authority to use it to gain control of a trespasser at the hotel who had just assaulted him when told repeatedly to leave the property but refused to do so.

4

23. P/O Howard ran out of the building, went and got the ladies and brought them back to the hotel. Officer Howard and Officer Nolan then placed Plaintiff under arrest, using excessive force in the process and tightening the handcuffs which resulted in abrasions injuries on Plaintiff's wrists. Officer Howard stated the lady claimed Plaintiff had assaulted her.

24. Officer Howard then falsely accused Plaintiff of shooting the taser at the lady's face. Plaintiff denied that accusation by Officer Howard, and told her the lady was tasered on her torso.

25. At this point, Lt. Pittaoulis arrived at the scene. Lt. Pittaoulis told Plaintiff she knew exactly who Plaintiff was because Plaintiff had written an article on his Facebook Sepriconews page about Lt. Pittaoulis and her husband. Exhibit A attached is a copy of Plaintiff's 2018 article about Lt. Pittaoulis, her husband, and Philadelphia Police officers on his Facebook page.

26. Plaintiff told Officer Howard that he had the encounter with the ladies on his cell phone. Plaintiff's cell phone was video-recording up until Officer Howard walked into the hotel and took Plaintiff's cell phone from him, turned it off and placed Plaintiff in handcuffs.

27. Lt. Pittaoulis told Plaintiff to give her the password to unlock his phone, but Plaintiff refused. Plaintiff told her she had no warrant for that request. Lt. Pittaoulis threatened to lock Plaintiff up if he refused to give her his password to unlock his phone.

28. Lt. Pittaoulis instructed Officer Howard to remove the handcuffs on Plaintiff so he could unlock his cell phone so she could look at the video. Plaintiff unlocked his cell phone and gave it to Lt. Pittaoulis. Pittaoulis started scrolling through Plaintiff's phone and then tapped on the video of the scene. At this time another female officer entered the hotel; Sgt. Laura Guk. Now, there were four police officers on the scene participating in the unlawful arrest and detention of Plaintiff.

29. After they watched the video, Officer Nolan, the first officer who had gotten on the scene, and had told Plaintiff to let the ladies go said to the other officers, "are you guys going to let him go now?" This was after they had reviewed the video of the ladies actions on the scene. But, Lt. Pittaoulis refused and told the other officers to take Plaintiff to the police station and "let them figure it out".

30. As the officers were taking Plaintiff through the hotel door, Lt. Pittaouslis said to Plaintiff, in a sarcastic manner, "How does it feel to be handcuffed, Seprico? (referring to Plaintiff's Facebook page) I love your story about me and my husband". Plaintiff was then taken to the 15th District and detained in a holding cell. This happened at about 2:00 a.m.

31. At about 12 noon on March 4, 2021, Plaintiff was released and told by the Detective Unit's Lieutenant John Cawley, #9022, that the District Attorney refused the charges against Plaintiff for further investigation.

32. Plaintiff's personal properties were however seized and he was handed property receipts for his properties that were seized. Plaintiff complained to the Lieutenant that he was forced under duress and without consent to unlock his cell phone and that Lt. Pittaoulis went in his cell phone without a search warrant.

33. About a week later, Philadelphia police officers went to Plaintiff's work place and arrested Plaintiff again, took him back to the 15th District, put Plaintiff in a holding cell, where he was detained for about 16 hours and then release on self recognizance after he was arraigned.

34. On or about November 22, 2021 the charges brought against Plaintiff by Defendants were dismissed by the Court of Common Pleas. However, Defendants still refuse to return Plaintiff's personal properties o him.

6

35. Plaintiff filed a complaint against these police officers with the PPD's Internal Affairs. However, the City of Philadelphia failed to take disciplinary actions against these police officers for violating Plaintiff's Constitutional rights and seizing his personal properties.

36. The City of Philadelphia Police Department has a policy and or practice of covering up the civil rights violations of citizens by its Police Officers thereby encouraging such unlawful acts by these police officers.

37. The City of Philadelphia Police Department failed to train, supervise and discipline its police officers as to the civil rights violations of citizens during the course and scope of their use of police power.

38. Plaintiff's injuries and damages were caused as a result of the policy and or customs of the City of Philadelphia Police Department in condoning the civil rights violations of citizens by its police officers.

39. The individual defendants all participated in violating Plaintiff's rights, directed others to violate these rights, failed to prevent others from doing that and/or acted in a supervisory capacity with knowledge of such violations by the other Defendants.

40. As a direct and proximate cause of the events initiated, perpetrated, and performed by Defendants as aforesaid, Plaintiff has been injured and severely damaged. Such injuries and damages include, but are not limited to, lost of use of his personal properties that were seized by Defendants, emotional and physical harm, pain and suffering, lost of liberty, lost of income, and future earning power, embarrassment and humiliation, sleepless nights, anxiety, and depression.

## VI. STATEMENT OF CLAIMS

### COUNT ONE – §1983 VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS
### PLAINTIFF V. CITY OF PHILADELPHIA

41. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through forty (40) as if same were fully set forth at length herein.

42. Plaintiff exercised his Constitutional rights under the First Amendment of the United States Constitution by publishing articles criticizing Defendants' conducts.

43. On March 4, 2021 and then about a week later after he was previously released, Plaintiff was subjected to retaliatory arrest for engaging in protected activities under the First Amendment of the Constitution, false arrest, excessive use of force, search and seizures, false detention and malicious prosecution by Defendants.

44. Defendants also violated Plaintiff's Fourth and Fourteenth Amendment rights when Plaintiff was arrested based on false allegations about Plaintiff in order to subject him to false arrest and detention, excessive use of force, unlawful search and seizure of his person and property and malicious prosecution.

45. The Constitutional rights of the Plaintiff were violated as a direct and proximate result of the failure of the City of Philadelphia and its Commissioner of Police to properly train, supervise, discipline and control Defendants, regarding the due process rights of the Plaintiff to be free from unlawful arrest, search and seizure, unlawful detention, and false accusations by police officers.

46. By failing to properly train, discipline and supervise its officers, the City of Philadelphia displayed deliberate indifference to the rights of Plaintiff to be free from retaliatory actions for

exercising his First Amendment rights, and to be free from unlawful arrests, search and seizure, unlawful detention, malicious prosecution and unlawful loss of property.

47. The City of Philadelphia acquiesced in the unlawful conduct of its officials in its Police Department.

48. As a proximate and direct result of the actions and omissions of the City of Philadelphia as aforesaid, Plaintiff has suffered loss wages, loss of property, physical and emotional pain and suffering and consequential damages resulting therefrom.

49. Defendants violated Plaintiff's First, Fourth and Fourteenth Amendment rights by directing, participating in, and /or condoning the unlawful actions against Plaintiff.

50. The acts and conducts of the Defendants as stated above where Plaintiff was subjected to unlawful arrest, detention, search and seizure, malicious prosecution and retaliatory arrests and prosecution by Defendants are violations of the Civil Rights Act 42 U.S.C. Section 1983 and subject the City of Philadelphia to liability under the statute in Plaintiff's favor.

51. As a direct and proximate result of said violation of the Civil Rights Act, Plaintiff has sustained lost of use of his personal properties that were seized by Defendants, emotional and physical harm, pain and suffering, lost of liberty, lost of income, and future earning power, embarrassment and humiliation, sleepless nights, anxiety, and depression.

52. Defendant City of Philadelphia is therefore liable to Plaintiff pursuant to 42 U.S.C. §1983.

**COUNT TWO-SECTION 1983 CLAIMS AGAINST INDIVIDUAL POLICE OFFICERS**
**Plaintiff v. Lt. Pittaoulis, Sgt. Guk, P/O Nolan, P/O Howard, and John Does 1-10**

53. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 52 above as though fully set forth herein.

54. The individual Defendants Police Officers named above, Lt. Pittaoulis, Sgt. Guk, P/O Nolan, P/O Howard, and John Does 1-10, while acting under the color of state law, violated Plaintiff's First, Fourth, and Fourteenth Amendment rights by directing, participating in, and/or condoning the retaliatory actions, unlawful arrest, excessive use of force, unlawful detention, unlawful search and seizure, and malicious prosecution of the Plaintiff.

55. In doing so the Defendants also violated the Constitution and laws of the Commonwealth of Pennsylvania because they lacked probable cause and credible evidence for the arrest, detention, search and seizure and prosecution of the Plaintiff.

56. The individual Defendants, by personal direction, participation, and/or acquiescence violated Plaintiff's due process and other Constitutional rights by maliciously initiating and subjecting Plaintiff to malicious prosecution, which charges lacked credible evidence.

57. The Individual Defendants conspired to violate Plaintiff's Constitutional and civil rights in violation of Section 1983.

58. As a direct and proximate result of said violation of the Civil Rights Act by these individual Defendants, Plaintiff has sustained loss of wages and earnings, as well as mental anguish, emotional distress, humiliation, consequential damages and damages to reputation.

### COUNT THREE - COMMON LAW FALSE ARREST AND FALSE DETENTION
**Plaintiff v. Lt. Pittaoulis, Sgt. Guk, P/O Nolan, P/O Howard, and John Does 1-10**

59. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 58 as though fully set forth herein.

60. The conduct and acts of these individual police officers listed above as alleged constitute common law false arrest and detention against the Plaintiff and these individual Defendants are

therefore liable to Plaintiff for his damages and emotional injuries under Pennsylvania state common law.

### COUNT FOUR -COMMON LAW MALICIOUS PROSECUTION
**Plaintiff v. Lt. Pittaoulis, Sgt. Guk, P/O Nolan, P/O Howard, and John Does 1-10**

61. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 60 as though fully set forth herein.

62. The conduct and acts of these individual police officers listed above as alleged constitute common law malicious prosecution of the Plaintiff and these individual Defendants are therefore liable to Plaintiff for his damages and emotional injuries under Pennsylvania state common law.

### COUNT FIVE –ASSUALT AND BATTERY
**Plaintiff v. P/O Howard, and P/O Nolan**

63. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 62 as though fully set forth herein.

64. The conduct and acts of these individual police officers listed above as alleged during the process of arresting Plaintiff constitute common law assault and battery of the Plaintiff and these individual Defendants are therefore liable to Plaintiff for his damages and emotional injuries under Pennsylvania state common law.

### VI. PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests this Honorable Court grant the following relief:

A. Award to Plaintiff damages and compensatory relief for the unlawful acts of Defendants, including but not limited to damages for unlawful arrest, detention and imprisonment, unlawful search and seizure, malicious prosecution, loss wages, loss of use of personal property, physical pain and suffering, emotional pain and suffering, punitive damages against the individual Defendants in their individual capacities, and all damages permitted by law under the Civil Rights Act against all Defendants.

B. Grant Plaintiff, pursuant to 42 U.S.C. §1988, reasonable attorneys' fees and costs, and disbursements; and

C. Expert fees, costs and expenses of litigation, and such other and further damages and equitable relief as this court may deem just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all factual issues in this matter.

Respectfully submitted,

Olugbenga O. Abiona, Esquire
ABIONA LAW PLLC
P.O. Box 3326
Cherry Hill, NJ 08034
(215)625-0330

Dated: April 25, 2022