IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE BOYER, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>　　　　　Defendants. | No. 23-cv-2885 |

## CITY DEFENDANTS' MOTION TO STRIKE
## PLAINTIFFS' THREE BRIEFS IN OPPOSITION TO MOTION TO DISMISS

Defendants the City of Philadelphia, Glaviano, Wallace, Poulos, Long, O'Shaughnessy, Bilal, Newsome, and O'Leary ("City Defendants"), by their undersigned attorneys, move for an order striking ECF Nos. 47, 48, and 49. City Defendants respectfully submit that such relief is warranted for the reasons set forth in the accompanying memorandum of law.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ *William B. Shuey*
　　　　　　　　　　　　　　　　　　　　William B. Shuey (PA No. 208792)
　　　　　　　　　　　　　　　　　　　　Senior Attorney
　　　　　　　　　　　　　　　　　　　　Affirmative and Special Litigation Unit
　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 17th Floor
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102-1595
　　　　　　　　　　　　　　　　　　　　(215) 683-5444
　　　　　　　　　　　　　　　　　　　　william.shuey@phila.gov

Dated: January 12, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDRE BOYER, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF PHILADELPHIA, et al.,**<br><br>Defendants. | No. 23-cv-2885 |

## CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' THREE BRIEFS IN OPPOSITION TO MOTION TO DISMISS

Defendants the City of Philadelphia, Glaviano, Wallace, Poulos, Long, O'Shaughnessy, Bilal, Newsome, and O'Leary ("City Defendants"), by their undersigned attorneys, hereby submit the following Memorandum of Law in Support of their Motion to Strike Plaintiffs' three briefs in opposition to the Motion to Dismiss.

### I. Introduction

Before the Court is the City Defendants' Motion to Strike the three separate briefs in opposition to City Defendants' Motion to Dismiss, which Plaintiffs filed on January 9, 2024. (ECF #47-49.). Because Plaintiffs' three separate briefs violate the local rules of the U.S. District Court for the Eastern District of Pennsylvania and this Court's Practices and Procedures, the Court should strike these briefs and order Plaintiffs to file one single and comprehensive brief of up to 35 pages in opposition to City Defendants' single and comprehensive Motion to Dismiss.

## II. Procedural and Factual Background

On October 19, 2023, Plaintiffs Andre Boyer and Pennsylvania S.I.T.E.S. Agents, LLC ("Plaintiffs") filed the Second Amended Complaint in this case (ECF #18). The Second Amended Complaint includes 11 counts against one or more of the City Defendants.

On December 11, 2023, City Defendants filed an Unopposed Motion for Leave to File Excess Pages seeking a 10-page extension of the 25-page limit for briefs. (ECF #27.) The Motion for Leave noted that "[t]he undersigned counsel indicated to counsel for Plaintiffs that the City Defendants would have no opposition should Plaintiffs' counsel similarly request that his clients be granted an additional ten pages in replying to the City Defendants' forthcoming motion." (ECF #27 n.1.)

On December 11, 2023, the Court granted the City's Motion for Leave to File Excess Pages. (ECF #28.) On December 18, 2023, City Defendants filed a Motion to Dismiss with a 35-page supporting brief, consistent with the Court's December 11 Order. The City's Motion to Dismiss complied with the applicable procedures of this Court, which provide that: "All grounds for relief should be set forth in a single, comprehensive motion. A motion to dismiss, for example, should not be divided into separate motions for each count, but rather should include all bases for relief." Judge Jeffrey L. Schmehl Policies & Procedures at 5.

On January 9, 2024, Plaintiffs filed three separate briefs in opposition to City Defendants' single Motion to Dismiss. The three opposition briefs total 66 pages. (ECF #47-49.)

## III. Argument

Plaintiffs' filing of three separate briefs in opposition to City Defendants' one Motion to Dismiss violates this Court's requirement that grounds should be set forth in a single and comprehensive filing. *See* Judge Jeffrey L. Schmehl Policies & Procedures at p.5.

Plaintiffs' filing of three separate briefs in opposition to City Defendants' one Motion to Dismiss also violates the local rules of the U.S. District Court for the Eastern District of Pennsylvania, which state that "[u]nless the Court directs otherwise, any party opposing the motion shall serve <u>a brief</u> in opposition together with such answer or other response that may be appropriate[.]" L. Civ. R. 7.1(c) (emphasis added).

Plaintiffs' filing of 66 pages violates this Court's requirement that briefs and memoranda be limited to 25 pages and that if a party requires excess pages they must file a motion with the court. *See* Judge Jeffrey L. Schmehl Policies & Procedures at 5.  Plaintiffs did not file a motion for leave to file separate briefs nor did they file a motion for leave to file excess pages. Further, the City Defendants consented only to an additional 10 pages. *See* ECF #27 n.1 ("The undersigned counsel indicated to counsel for Plaintiffs that the City Defendants would have no opposition should Plaintiffs' counsel similarly request that his clients be granted an additional ten pages in replying to the City Defendants' forthcoming motion.").

The City's ability to prepare a 10-page or less reply brief within seven days is severely prejudiced by Plaintiffs' improper filing of three separate opposition briefs that total 66 pages.

Courts have inherent power to manage their dockets. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 156 (3d Cir. 1997) ("[A] court does have inherent authority both over its docket and over the persons appearing before it."); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) ("Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders.")

In accordance with their inherent authority to control their dockets, federal district courts have broad discretion to strike submissions by parties that fail to comply with applicable rules. *See United States v. Brace*, 1 F.4th 137, 141 (3d Cir. 2021) (holding district court did not abuse discretion when it struck opposition to motion for summary judgment without leave to refile for failure to conform to rules, ultimately resulting in grant of summary judgment); *George v. Snyder*, 847 F. App'x 544, 549 (11th Cir. 2021) (finding district court did not err when it struck defendants' separate motions to dismiss and ordered that defendants file a joint motion in compliance with court rules); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding district court has inherent power to strike items from the docket); *Jarzyna v. Home Properties, L.P.*, 201 F. Supp. 3d 650, 659–60 (E.D. Pa. 2016) (striking affidavit under court's inherent authority based on violation of witness-advocate rule).

## IV.   Conclusion

Accordingly, City Defendants respectfully requests that the Court enter an order striking ECF Nos. 47, 48, and 49 in their entirety and permitting Plaintiffs to file one single and comprehensive brief of up to 35 pages in opposition to City Defendants' single and comprehensive Motion to Dismiss.

In the alternative, if the Court does not strike ECF Nos. 47, 48, and 49, then City Defendants respectfully requests that the Court enter an order granting City Defendants an additional 14 days and an additional 20 pages to reply to Plaintiffs' voluminous and disjointed opposition briefs.

Respectfully submitted,

/s/ *William B. Shuey*
William B. Shuey (PA No. 208792)
Senior Attorney

- 5 -

                Affirmative and Special Litigation Unit
                City of Philadelphia Law Department
                1515 Arch Street, 17th Floor
                Philadelphia, PA 19102-1595
                (215) 683-5444
                william.shuey@phila.gov

Dated: January 12, 2024

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion to Strike and Memorandum of Law was served on this date on all interested counsel by way of electronic filing with the Court.

Dated: January 12, 2024             */s/ William Shuey*
                                                 William Shuey