IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE BOYER and PENNSYLVANIA S.I.T.E.S. AGENTS, LLC, <br>            Plaintiffs, <br>  V. <br><br>CITY OF PHILADELPHIA, et al., <br>            Defendants. | Civil Action No. 5:23-CV-02885-JLS <br><br>JURY TRIAL OF 12 DEMANDED |

**PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO STRIKE BY CITY DEFENDANTS**

    May it please the Court:

    This Court's Policies and Procedures impose a restriction of 25 pages per brief. [Ex. A, at 5]. With that in mind, nine Defendants in our case agreed to joint-representation and then artificially filed a *single* motion to dismiss, with a *single* brief of 35 pages, raising a multiplicity of boilerplate arguments. [ECF No. 29]. They improperly did this where, as shown below, the claims against some of them in the Second Amended Complaint had distinct transactions or occurrences. For instance, Plaintiff Andre Boyer seeks declaratory and injunctive relief against Sheriff Rochelle Bilal, while he seeks damages from the other defendants. The law draws significant distinctions between these remedies even though there may be a common nucleus of fact. And Boyer's claims against Wanda Newsome are, likewise, distinct from the others because Newsome discriminated and retaliated against Boyer by denying his 2023 Application for a Uniform Firearms Act license, whereas the other defendants did not but nevertheless discriminated and retaliated against Boyer by different means. Therefore, Boyer filed a separate brief in response to Bilal [ECF No. 47], a separate brief in response to Newsome and the City of Philadelphia [ECF No. 48], and a separate brief for the remaining defendants [ECF No. 49], all based on the similarity

1

or distinctiveness of the claims raised in the Second Amended Complaint. While these nine Defendants had a right to file a single paper we also have a corresponding right whether to file a single response or, as we did here, separate responses for a few of the Defendants where the claims against them involved discrete claims, notwithstanding the fact that these Defendants acted within a wheel conspiracy as alleged in the pleadings.

Each Brief that we submitted at ECF No. 47, 48, and 49 complied with the Court's Policies and Procedures by virtue of being 25 pages or less. So what is the Moving Defendants' problem? They would tell this Court that if nine of them jointly file a single brief, then the Plaintiffs are somehow constrained to file a single brief in response. Thus, Moving Defendants claim they can unilaterally restrict Plaintiffs to 25 pages instead of 225 pages (25 multiplied by nine defendants). That is not the law. The *Federal Rules of Civil Procedure* are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives." Pomerantz v. Goldstein, 387 A.2d 1280, 1281 (Pa. 1978) (quotation omitted). Rules of court are not "a game of skill in which one misstep by counsel may be decisive to the outcome," but instead seek "to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957).

As a matter of law, there is no diminution of procedural rights, including motion practice, by virtue of joint-representation in the *Federal Rules of Civil Procedure*. In the absence of any conflict of interest, defendants to the same case may consent to joint-representation with other defendants (and plaintiffs may consent to joint-representation with other plaintiffs) and retain their right to file separate motions. Here, for instance, while the Nine Defendants are represented by the

same attorneys, they retained the right to have filed nine Rule 12 motions to dismiss, if that was their desire. The *Federal Rules of Civil Procedure* regulate pleadings and motions *by party*, not by the attorney who appears for them. The rules embody this principle by regulating the conduct of "a" party, not "all" parties jointly-represented.[1] Under Rule 12(b), "a party" may raise certain, enumerated defenses. And "a party" may file a motion to strike a pleading. Fed. R. Civ. P. 12(f)(2). These procedural rights are afforded to the parties and without the need for judicial permission.

Nothing in Civil Rule 7(b) compels a different result. In fact, nothing within the text anywhere of the *Federal Rules of Civil Procedure* supports the contention of the Moving Defendants. They cite Local Rule 7.1(c), which directs that "a brief" is filed in opposition to a motion filed by *a party*. Nine parties jointly filed one paper and summarily raised many issues. This Court's Policies and Procedures direct that "[a]ll grounds for relief should be set forth in a single, comprehensive motion," we understand this to mean one motion **per party**. Within this Court's authority to regulate its own docket, it has not specified that parties lose their motion practice as a consequence of joint-representation with other parties.

And as a matter of procedural equality, what is good for one party is also good for the adversary: The *Federal Rules of Civil Procedure* are not intended to categorically benefit plaintiffs or defendants but to create fairness for all involved. To hold otherwise amounts to giving one party fewer rights than the other. Therefore, whenever multiple parties join in one court filing, the

---

[1] As non-exhaustive illustrations:

"A party" may serve an answer to a counterclaim. Fed. R. Civ. P. 12(a)(1)(B).

After the pleadings are closed, "a party" may move for judgment on the pleadings. Fed. R. Civ. P. 12(c).

"A party may move for a more definitive statement," Fed. R. Civ. P. 12(e).

adversary may also elect whether to file a single response or, alternatively, separate responses for each of the parties if the issues are not similar enough to warrant a single filing. With the Court's restriction of 25 pages per party, Plaintiffs could have been entitled to file one response not exceeding 225 pages (25 multiplied by nine defendants) or we could have filed separate briefs for each party, each not exceeding 25 pages. Our three briefs in response each conformed to the limitation of 25 pages. That our three briefs were also a combined 66 pages (rather than 225) was driven by our desire to effectively advocate while writing concisely for the benefit of the Court.

The position advanced by Moving Defendants does not facilitate a decision on the merits of complex, multi-party cases but, rather, lends itself to gamesmanship and chicanery. Plaintiffs, for instance, have no control whether the Defendants seek joint-representation or file separate Rule 12 motions. We likewise have no right to object to the fact that multiple defendants joined in one motion. Here, we did not have a right to ask the Court to order these Nine Defendants to have filed separate Rule 12 motions. Moving Defendants' suggestion would create a race-to-the-bottom in civil litigation by trying to defeat the merits of cases through a cramdown on page limitations. Their approach would pressure the plaintiffs' bar to file separate complaints for each and every defendant, even arising from the same transaction or occurrence, in order to guarantee the same page limitations per party and to avoid what these Nine Defendants have done, rather than the just, speedy, and inexpensive outcome of joining multiple parties in the same action.

Moreover, because the *Federal Rules of Civil Procedure* do not impose a diminution of procedural rights through joint-representation, this Court should not do so now. Constitutional due process is violated where a judicial officer writes new rules of procedure in the middle of a proceeding. Hollingsworth v. Perry, 558 U.S. 183, 198 (2010) (trial court invented new rule on televising civil trial) ("If courts are to require that others follow regular procedures, courts must

do so as well."). To follow the Moving Defendants' suggestion would violate constitutional due process. Under the Due Process Clause of the Fifth Amendment, "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (citation omitted).

Procedural rules are "intended to provide an opportunity to research and present the law as well as an opportunity to marshal the facts." Hancock Industries v. Schaeffer, 811 F.2d 225, 229 n.1 (3d Cir. 1987). Improper page restrictions cut off a party's ability to be meaningfully heard by developing the facts with appropriate citation to authorities, the failure of which is regarded as waiver. United States v. Hird, 913 F.3d 332, 355 n.33 (3d Cir. 2019) (without "a factual basis for such a challenge, we regard the issue to be waived."); Griswold v. Coventry First, LLC, 762 F.3d 264, 272 n.6 (3d Cir. 2014) ("undeveloped argument is insufficient"); Eulo v. Deval Aerodynamics, Inc., 430 F.2d 325, 326 n.5 (3d Cir. 1970) (waiver where nothing "more than a cursory argument" is offered); New York Rehab. Care Mgmt. v. NLRB, 506 F.3d 1070, 1076 (D.C. Cir. 2007) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work."); Cont'l Connector Corp. v. Houston Fearless Corp., 340 F.2d 183, 189 (9th Cir. 1965) ("The court is not required to discover or attempt to discover errors that appellant's counsel cannot or will not point out.").

No court has upheld 25 pages in response to arguments raised by nine parties in one filing, as that surely is an improper restriction on Plaintiffs' ability to be meaningfully heard in a complex, multi-party case, in violation of constitutional due process based on the aforementioned authorities. Due process entails a meaningful opportunity to be heard on the merits and *without judicial permission*. Under Rule 12 of the *Federal Rules of Civil Procedure*, Plaintiffs have a right to respond on the merits of the Defendants' motion without judicial permission. Our system does

5

not require one party to ask the Court for permission while the other party acts as of course. Therefore, if the Court desires to impose page limits of 25 pages per brief, then that restriction has to be construed as 25 pages per party. And if nine Defendants file one paper, then Plaintiffs are entitled to 225 pages in response and without judicial permission.

What Plaintiffs did here was prudent and efficient. Counts 1 and 2 of the Second Amended Complaint are lodged against Sheriff Rochelle Bilal and seek declaratory and injunctive relief. Plaintiffs do not seek such relief against the remaining Defendants at ECF No. 29. Wanda Newsome denied Andre Boyer's 2023 application for a Uniform Firearms License. The claims resulting from that denial are distinct from the remaining Defendants at ECF No. 29, notwithstanding their wheel conspiracy. If Plaintiffs had to file one submission, then it would have been 66 pages in length — well over the Court's 25 page limit and cutting off our ability to be meaningfully heard without judicial permission.

Finally, in a cursory sentence, Moving Defendants claim they are prejudiced in preparing a reply for each of the three briefs Plaintiffs filed. Once again, Moving Defendants are incorrect.

Their Motion to Strike is procedurally improper, where Rule 12(f) only authorizes motions to strike pleadings. A brief "is not the appropriate subject of a motion to strike." Bakhtiari v. Madrigal, 2018 U.S. Dist. LEXIS 149675, at *2-3 (M.D. Pa. Sept. 4, 2018). Because motions to strike briefs or motions are procedurally improper, the "motion to strike" by the Moving Defendants is instead deemed a reply to Plaintiffs' briefs. Bond v. ATSI/Jacksonville Job Corps Ctr., 811 F. Supp. 2d 417, 423 (D. D.C. 2011) ("A motion to strike a motion is therefore not proper," but "may be considered instead as an opposition." (citations omitted)), followed, Personacare of Reading, Inc. v. Lengel, 2017 U.S. Dist. LEXIS 38519, at *6-7 (E.D. Pa. Mar. 17, 2017); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Thus, Moving

Defendants are not prejudiced here because their Motion to Strike **is** the Reply, and they waived the opportunity to respond to any other aspect of Plaintiffs' briefs in opposition.

Even if the Court were to afford Moving Defendants some liberality, there's no merit to their contention of prejudice. Moving Defendants are represented by Attorneys Danielle B. Rosenthal, Jennifer MacNaughton, and Aimee D. Thomson, and the Motion to Strike is signed by William B. Shuey, Esquire — all of them employed by the City of Philadelphia Law Department. Defendants do not explain why four attorneys cannot prepare a sufficient response.

Furthermore, Moving Defendants created any prejudice by raising a multiplicity of issues in their Original Brief under Rule 12(b). In so doing, they were obligated there, and then, to have researched the law and to have anticipated what Plaintiffs' counterarguments would be. Plaintiffs filed suit on July 27, 2023. By virtue of various agreed extensions, these nine Defendants have known the claims lodged against them for nearly half a year. They had plenty of time to research the law.

This Motion is an improper attempt to avoid adjudicating this case on the merits by orchestrating procedural prejudice. This Motion was procedurally improper and should instead be deemed a Reply to Plaintiffs' Briefs at ECF Nos. 47, 48, and 49.

No relief is due.

## **CONCLUSION**

Based on the forgoing, the Motion to Strike should be denied. In the alternative, if the Court believes that undersigned counsel should have asked for relief from page limits, then we

respectfully request that the Court treat this brief in response as such a request.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: January 22, 2024    By:    /s/ Joel A. Ready
Joel A. Ready, Esquire
PA Attorney I.D. # 321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875