# Exhibit A

Exhibit A

# JUDGE JEFFREY L. SCHMEHL

Judge Schmehl was appointed to the United States District Court for the Eastern District of Pennsylvania on June 27, 2013.

## I. PRELIMINARY GENERAL MATTERS

### A. Location

The main location for chambers is The Gateway Building, 201 Penn Street, 5th floor, Reading, Pennsylvania. On occasion, Judge Schmehl sits in Philadelphia. Philadelphia chambers is located at U.S. Courthouse, 601 Market Street, Room 5613, Philadelphia, Pennsylvania. Counsel are advised that it is their responsibility to check the scheduling orders to determine the proper location for all hearings and conferences.

### B. Correspondence with the Court

Law clerks have no authority to grant continuances or to give advice on substantive or procedural matters. Therefore, unless contacted by a law clerk, counsel should not communicate with the law clerk. Telephone inquiries regarding civil cases should be directed to Barbara A. Crossley, my Civil Deputy Clerk, at 610-320-5099. Telephone inquiries regarding criminal cases should be directed to Tanya L. Allender, my Criminal Deputy Clerk, at 610-320-5030. Email is preferred for most written correspondence with chambers, and the address is Chambers_of_Judge_Jeffrey_L_Schmehl@paed.uscourts.gov. Faxes are not accepted.

### C. Telephone Conferences

Judge Schmehl will hold telephone conferences to resolve scheduling matters, discovery disputes, and substantive motions. The court will also hold telephone conferences at any time to explore the possibility of settlements. The court will notify counsel of the date and time for the

telephone conference. In a civil case, counsel for the moving party will be responsible for providing a telephone conference number that the Court and all parties can dial into at the time of the call. In a criminal case, the United States Attorney's Office will be responsible for providing a telephone conference number for the use of the Court and all parties.

    D.    **Oral Arguments and Evidentiary Hearings**

Judge Schmehl does not set aside certain days or times for oral argument, motions, or evidentiary hearings. Hearings and argument are scheduled when warranted.

    E.    ***Pro Hac Vice* Admissions**

Counsel moving for the *pro hac vice* admission of an attorney must file a motion setting forth the attorney's admission, the reason why the party desires the attorney to participate, and why the attorney is especially qualified to do so. The form application provided by the Clerk is inadequate. Moving counsel shall also indicate that the filing fee has been paid.

    F.    **Document Formatting**

All documents submitted shall be in Word format.

    G.    **Citations**

The Court prefers case citations contained in briefs to be in Westlaw format, if possible.

    H.    **Courtesy Copies**

Courtesy copies shall not be provided to chambers unless the exhibits are voluminous or the case is sealed. Prior to sending courtesy copies, counsel shall contact chambers via email to determine whether courtesy copies are necessary. If advised by chambers that the Court requires courtesy copies, counsel shall mail them to The Gateway Building, 201 Penn Street, 5th floor, Reading, Pennsylvania, 19601.

## II. CIVIL CASES

### A. Pretrial Procedure

#### 1. Rule 16 Conference

The court will schedule a preliminary pretrial conference as described in Federal Rule of Civil Procedure 16(b) and (c) shortly after a defendant has filed an appearance or pleading. Counsel are expected to commence discovery immediately upon the joining of the case in order to have a substantive amount of discovery completed by the time they appear for the Rule 16 conference. At least three business days prior to the pretrial conference, <u>counsel must complete and submit to my Reading chambers, by email, the joint status report of the Rule 26(f) meeting</u>. A blank form for this report is available on the website with these Policies & Procedures.

The court relies on counsel's good faith compliance with Rule 26(f) <u>in all respects</u>. The Rule 26(f) meeting should take place as early in the case as possible, but no later than twenty-one days before the scheduled Rule 16 conference. Outstanding motions will <u>not</u> excuse the requirements of holding the meeting and submitting the plan. The meeting should be a meaningful and substantive discussion to formulate the proposed discovery plan required by the Rule. <u>Parties who do not comply will have no voice at the scheduling conference and may be subject to additional sanctions</u>. Initial disclosures pursuant to Rule 26(a) shall be completed no later than seven days before the Rule 16 conference.

It is also expected that the parties will reach an agreement on how to conduct electronic discovery. The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference and shall be prepared to address e-discovery at the Rule 16 conference with the court. In the event the parties cannot reach such an agreement before the Rule 16 conference, the

court will enter an Order incorporating default standards, a sample of which is found on the website below my policies and procedures.

At the initial pretrial conference, the parties should be prepared to address all topics listed in Local Rule of Civil Procedure 16.1(b) and Federal Rule of Civil Procedure 16(b) and (c), the progress of self-executing disclosure under Federal Rule of Civil Procedure 26(a), and any settlement or mediation proposals. The court will issue a Rule 16 scheduling order at the conclusion of the conference.

<u>Lead trial counsel must attend the Rule 16 conference</u>. Counsel taking part in any pre-trial conference must be prepared to speak on every subject, including settlement, and have authority from their clients to do so. Counsel shall be prepared to discuss all claims and defenses in detail, and shall have a thorough comprehension of the facts.

### 2. Final Pretrial Conference

There will be a final pretrial conference within ten days of the trial date. Counsel shall comply with Local Rule 16.1 regarding the submission of a pretrial memorandum. These memoranda shall be filed no later than seven days prior to the pretrial conference.

During this conference, the court will address factual and legal issues, the admissibility of exhibits, scheduling issues, and settlement.

### B. <u>Continuances and Extensions</u>

Unless there is good cause to justify a change, the parties are expected to adhere to the dates contained in scheduling orders. Continuance requests must be put in writing via email only. The parties shall not file motions seeking continuances of deadlines. The court will grant a continuance or extension based on a stipulation of all parties if the continuance or extension does

not affect the discovery cutoff or trial date. All stipulations shall be submitted directly to chambers via email and shall contain a signature and date line for Judge Schmehl to approve the stipulation. If a continuance or extension will affect the discovery cutoff or trial date, counsel should make a written request via email which sets forth the basis for the continuance or extension and indicates whether the other party or parties agree to or oppose the request.

    C.    <u>**General Motion Practice**</u>

        1.    **Oral Argument on Motions**

If the judge believes oral argument will be helpful in deciding a matter, he will schedule it, particularly when it involves a dispositive motion. A party desiring oral argument should request it by letter or in the body of the motion or responsive pleading. The ultimate decision as to the necessity of oral argument rests with the judge, and not all requests for oral argument will be granted.

        2.    **Reply and Surreply Briefs**

Reply briefs, addressing only issues raised in the brief in opposition and not repeating arguments in the brief, may be filed within seven days of service of the opponent's brief in opposition and shall be limited to ten pages. No further briefs may be filed.

        3.    **Length and content of briefs or legal memoranda**

All grounds for relief should be set forth in a single, comprehensive motion. A motion to dismiss, for example, should not be divided into separate motions for each count, but rather should include all bases for relief. <u>Any brief or memorandum should be limited to twenty-five pages</u>. If a party requires more than twenty-five pages to explain its position to the court, a motion to exceed the page limit should be filed, setting forth good cause for granting an exception.

4. **Rule 56 Motions**

Along with any motion for summary judgment, the parties must file a joint stipulation listing all of the material facts on which the parties can agree. Such stipulations must not include tracked changes or markups. They must only consist of uncontested facts agreed upon between the relevant parties. Judge Schmehl expects parties opposing summary judgment motions to cooperate in preparing such stipulations. The parties should then address in their briefs any other facts that could not be agreed upon because they are in dispute as to either correctness or materiality, or because one party simply asserts they should not be in dispute, but extensive factual disputes may lead to denial of summary judgment motions.

D. **Discovery Matters**

1. **Length of Discovery Period and Extensions**

In standard track cases, the court usually allows up to ninety days from the date of the Rule 16 conference to complete discovery. In special management cases, the court will permit additional time to conduct discovery if the parties identify a need to do so at the Rule 16 conference, or any subsequent status conferences. A case will ordinarily be listed for trial thirty to sixty days after the completion of discovery.

2. **Discovery Conferences and Dispute Resolution**

Counsel for all parties are strongly encouraged to resolve discovery disputes by themselves. In the event that a discovery dispute requires court intervention, the party contemplating a motion shall seek a telephone conference with the court before filing any motion. If the telephone conference fails to resolve the discovery dispute, the party seeking relief will be permitted to file an appropriate discovery motion. The motion shall not exceed five

pages, shall not contain exhibits, and shall not include a memorandum of law.

The responding party may file a response within five days. This response should also be limited to five pages and shall not include exhibits or a brief or memorandum of law. Judge Schmehl permits telephone conferences to resolve disputes during depositions in cases where the deposition would otherwise have to be adjourned.

### 3. Confidentiality Agreements

The court will only approve confidentiality or sealing orders for good cause shown.

## E. Settlement

### 1. General Approach to Settlement and Non-Jury Cases

Settlement will be discussed at the initial Rule 16 status conference and at any subsequent conference. The court will not participate in settlement negotiations in non-jury cases. Most cases will be referred to a Magistrate Judge for a settlement conference.

## F. Arbitration

### 1. General Approach to Arbitration

Judge Schmehl will not hold a Rule 16 conference or issue a scheduling order in arbitration track cases, unless there is a *de novo* appeal from an arbitration award. The parties are expected to complete all discovery prior to the date of the arbitration hearing.

### 2. Scheduling of Trial *De Novo* from Arbitration

Upon demand for trial *de novo* from an arbitration award, the court will issue a scheduling order setting the date for a pretrial conference to discuss the case and further scheduling. Ordinarily, neither discovery nor dispositive motions will be allowed after the arbitration hearing.

G. **Final Pretrial Memoranda**

   1. **Required Form of Pretrial Memoranda**

   Unless otherwise ordered by the court, the pretrial memorandum should be prepared in accordance with the provisions of Local Rule of Civil Procedure 16.1(c), and should also include the following items:

   a. All stipulations of counsel

   b. A statement of objection to: (1) the admissibility of any exhibit based on authenticity; (2) the admissibility of any evidence expected to be offered for any reason (except relevancy); (3) the adequacy of the qualifications of an expert witness expected to testify; and (4) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701. Such objection shall describe with particularity the ground and the authority for the objection.

   c. Deposition testimony (including videotaped deposition testimony) that the party intends to offer during its case-in-chief. The statement should include citations to the page and line number and the opposing party's counter-designations.

H. **Injunctions**

   1. **Scheduling and Expedited Discovery**

   Judge Schmehl will promptly list any request for a temporary restraining order ("TRO") or a preliminary injunction assigned to him.

### 2. Pre-Hearing Conference

Judge Schmehl will hold a pre-hearing telephone conference call to discuss discovery issues and possible resolution of the request for a TRO. Expedited discovery will be discussed and, when appropriate, ordered at the conclusion of the pre-hearing conference.

### 3. Proposed Findings of Fact and Conclusions of Law

Judge Schmehl requires submission of proposed findings of fact and conclusions of law for TRO and injunction hearings. The court will set the time for submission of these items at the pre-hearing conference.

## I. Trial Procedure

### 1. Scheduling Cases

A date for trial will be determined at the initial Rule 16 conference. The trial listing will be for a date certain as specified in the scheduling order and not as part of a pool. Questions relating to scheduling matters should be directed to Judge Schmehl's Civil Deputy Clerk via email.

### 2. Cases Involving Out-of-Town Parties or Witnesses

Judge Schmehl schedules the trial of cases involving out-of-town counsel, parties, or witnesses in the same manner as all other cases. Counsel are responsible for the scheduling of witnesses.

### 3. Conflicts of Counsel

Counsel should notify the court immediately upon hearing of any unavoidable and compelling professional or personal conflicts affecting the trial schedule.

### 4. Notetaking by Jurors

Notetaking by jurors is permitted at the court's discretion.

### 5. *Voir Dire*

Judge Schmehl permits counsel to conduct all *voir dire* in civil cases. There is generally a time limit of thirty minutes for each side for *voir dire*.

### 6. Trial Briefs

Parties should submit a trial brief only if a new or unique point of law is involved.

### 7. Motions *In Limine*

Judge Schmehl typically requires motions in limine to be filed ten days before trial.

### 8. Examination of Witnesses Out of Sequence

The court will permit counsel to examine his/her own witnesses out of turn for the convenience of a witness.

### 9. Opening Statements and Summations

In most cases, the court permits up to thirty minutes for an opening statement and up to forty-five minutes for a summation or closing argument.

### 10. Examination of Witnesses or Argument by More Than One Attorney

More than one attorney for a party may examine different witnesses or argue different points of law before the court. Only one attorney for each side may examine the same witness or address the jury during the opening statement or summation.

### 11. Re-Direct and Re-Cross Examination of Witnesses

The court will permit limited re-direct and re-cross examination on matters not previously covered by cross examination or in special circumstances.

### 12. Videotaped Testimony

Videotaped testimony should begin with the witness being sworn. Counsel should bring objections to the court's attention at the time of the final pretrial conference. After the court rules on any objections, counsel should edit the tapes before offering the videotaped testimony at trial.

### 13. Reading of Material into the Record

Judge Schmehl has no special practice or policy regarding reading stipulations, pleadings, or discovery material into the record at trial.

### 14. Preparation of Exhibits

Exhibits should be pre-marked and exchanged in accordance with the final pretrial order. On the day trial is scheduled to commence, counsel should provide one copy of each exhibit and a copy of a schedule of exhibits to the court.

### 15. Offering Exhibits into Evidence

Unless the parties have an agreement as to the admissibility of a proposed exhibit, a witness may not testify as to its content until it has been admitted into evidence.

### 16. Directed Verdict Motions

Motions for judgment as a matter of law in jury trials and motions for an involuntary dismissal in non-jury trials must be in writing. Oral argument on the motions is ordinarily permitted.

### 17. Proposed Jury Instructions and Verdict Forms

Judge Schmehl typically requires that the parties submit proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories for the jury no later than ten days before the trial. Counsel should submit a copy of the proposed jury instructions to

chambers via email. Jury instructions need only be submitted with respect to substantive issues in the case. Proposed instructions on procedural matters such as the burden of proof, unanimity, and credibility are not necessary.

Each proposed instruction should be on a separate sheet of paper, double spaced, and should <u>include citation to specific authority</u>. The court will not consider proposed instructions without citation to specific legal authority. Cases and model jury instructions that are cited should be accurately quoted and a page reference should be provided.

Counsel will have the opportunity to file supplemental points or proposed findings of fact and conclusions of law during trial as necessary. If a model jury instruction is submitted, the submitting party shall state whether the proposed jury instruction is unchanged or modified. If a party modifies a model jury instruction, the additions should be underlined and deletions should be placed in brackets.

### 18. Proposed Findings of Fact and Conclusions of Law

Proposed findings of fact and conclusions of law in non-jury cases should be submitted to chambers via email at least seven days <u>before</u> the trial date. The parties may submit revised or supplemental findings of fact and conclusions of law with specific reference to trial evidence at the conclusion of the case. A schedule for the submission of revised findings/conclusions will be discussed at the conclusion of trial.

### 19. Unavailability of Witnesses

If a witness is unavailable at the time of trial, as defined in Federal Rule of Civil Procedure 32(a)(3), the court expects an oral or videotaped deposition to be used at trial for that

witness, whether the witness is a party, a non-party, or an expert. The unavailability of such witness <u>will not be a ground to delay</u> the commencement or progress of trial.

### 20. Lay Witness Opinion

Any party expecting to offer lay opinion testimony pursuant to Federal Rule of Evidence 701 regarding issues of liability or damages shall provide the opposing parties with information or documents supporting the testimony at the time required for submission of expert reports.

### 21. Bifurcation

In cases where the number of witnesses for damages greatly exceeds the number of witnesses for liability, Judge Schmehl may bifurcate the trial of the case.

### 22. Stipulations

Judge Schmehl strongly encourages counsel to stipulate to as many matters as possible before trial, including undisputed facts, exhibits, jury instructions, and special interrogatories.

## J. Jury Deliberations

### 1. Exhibits in the Jury Room

After the jury has been instructed and taken to the jury room to begin deliberations, the court and counsel will discuss which exhibits should go out with the jury for their consideration during deliberations.

### 2. Handling of Jury Requests to Read Back Testimony or Replay Tapes

At the jury's request, the court may permit the Deputy Clerk to read portions of testimony back to the jury or to replay the audio or video-taped testimony.

### 3. Availability of Counsel During Jury Deliberation

During jury deliberations, counsel may leave the courthouse, but they must leave cell phone numbers with the Civil or Criminal Deputy Clerk and be able to return to the courthouse within ten to fifteen minutes.

### 4. Taking the Verdict and Special Verdicts

Ordinarily, the court will submit interrogatories to the jury. The Courtroom Deputy will take the verdict in the presence of the court, counsel, and the parties.

### 5. Polling the Jury

If requested by counsel, the court will poll the jury.

### 6. Interviewing the Jury

Judge Schmehl will allow counsel to interview jurors but will instruct the jury that they are not required to talk to the attorneys.

## III. CRIMINAL CASES

### A. Approach to Oral Argument and Motions

The court will generally permit oral argument on a substantive motion in a criminal case upon request.

### B. Pretrial Conferences

Judge Schmehl does not generally hold a telephone scheduling conference with counsel in criminal cases, unless counsel specifically request one. All scheduling of criminal matters is handled by the Judge's Criminal Deputy Clerk.

C. *Voir Dire*

In criminal cases, Judge Schmehl will conduct the initial *voir dire* regarding hardships, the general suitability of the jurors, etc. Counsel may then ask additional, preapproved questions. Counsel should submit proposed *voir dire* questions in writing seven days before the trial date.

D. **Sentencing Memoranda**

Judge Schmehl requires the parties to submit sentencing memoranda five days prior to sentencing.

IV. **OTHER MATTERS**

A. **Consultation with Opposing Counsel**

In general, Judge Schmehl expects counsel to bring matters to his attention only after they have been discussed with opposing counsel.

C. **Professionalism**

Judge Schmehl will insist on punctuality and courtesy from counsel to the court and to each other, both in the presence of the court and otherwise. The examination of witnesses should be conducted from the lectern or from counsel table. Counsel should rise to address the court and should seek permission of the court before approaching witnesses or the bench. In addition, counsel will direct all comments to the court or to the witness under examination and not to other counsel or to the jury. To the extent possible, the parties should notify the court of any issues that will need to be ruled upon at the start of the day's proceedings, or during a recess out of the jury's presence. Side bar conferences are permitted when necessary.