IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE BOYER, *et al.*, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 23-2885 |
| CITY OF PHILADELPHIA, *et al.*, | |
| Defendants. | |

# ORDER

**AND NOW**, this 24th day of September, 2024, upon review of all pending motions in this matter, as well as all responses and replies, and after argument being held, it is hereby **ORDERED** as follows:

1. The Motion to Dismiss of Defendant, Philadelphia Lodge No. 5, Fraternal Order of Police (ECF No. 62) is **GRANTED**;

2. Defendant, Philadelphia Lodge No. 5, Fraternal Order of Police is **DISMISSED** from this action with prejudice[1];

3. The Motion to Dismiss of the District Attorney Defendants (ECF No. 21) is

---

[1] The most recent allegations contained in Plaintiff's Second Amended Complaint relating to Defendant, FOP, are from 2016. All causes of action directed at FOP in Plaintiff's Second Amended Complaint have a two-year statute of limitations period. Accordingly, any action brought by Plaintiff for those alleged actions taken by Defendant FOP would need to have been filed by 2018. As this matter was filed in 2023, Plaintiff is clearly time-barred from proceeding against Defendant FOP in this matter.

Plaintiff attempts to avoid the applicability of the statute of limitations by arguing that Defendant FOP is involved in a conspiracy with the other Defendants to "look for any pretext to violate his rights, . . . to prevent his ability to obtain a license under the Private Detective Act and the Uniform Firearms Act in this matter and then look for any pretext to prosecute him [sic] those statutes, and to retaliate against him by reason of his involvement with Serpico News." Sec. Am. Compl., ¶ 47. However, Plaintiff has completely failed to support the existence of such a conspiracy. His pleading contains absolutely zero support for a claim that Defendant FOP or John McGrody, its Vice-President, conspired with anyone regarding Plaintiff. The Court will not use vague allegations of conspiracy to force a clearly time-barred Defendant to defend itself in this matter. Accordingly, Defendant, Philadelphia Lodge No. 5, Fraternal Order of Police is dismissed from this case with prejudice.

**GRANTED**[2];

4. The Motion to Dismiss of the City of Philadelphia Defendants (ECF No. 29) is **GRANTED**;

5. Plaintiff shall be given one final opportunity to file a concise amended pleading in this matter within thirty days. In filing an amended pleading, if making constitutional challenges, Plaintiff must specifically plead whether each challenge is an as-applied or facial challenge, what specific section of which law is being challenged, and the constitutional basis for said challenge.

6. The Motion to Strike of the City Defendants (ECF No. 51) is **DENIED** as moot. However, Plaintiff is cautioned that any future briefs are to be set forth in one single and concise document as required by this Court's Policies and Procedures. See Judge Schmehl Policies & Procedures at p.5.

**BY THE COURT:**

/s/ Jeffrey L. Schmehl
Jeffrey L. Schmehl, J.

---

[2] Plaintiff's pleading is murkier when it comes to the remaining Defendants. Although the complaint spans 53 pages and 211 paragraphs, many of which contain sub-paragraphs, portions of the complaint are not clearly drafted. For several constitutional claims, the Court cannot ascertain if Plaintiff is making an as-applied or facial challenge, nor is it clear which specific sections of the Uniform Firearms Act Plaintiff is challenging. There are also vague allegations of equal protection and due process violations. Plaintiff must file an amended pleading that properly and concisely sets forth exactly what each count of his complaint is alleging, what constitutional violations have allegedly been committed, and what relief he is seeking if he wants to proceed with this lawsuit.